ISSAC BADGEROW, Plaintiff, *v.* THOMAS JACKSON, Defendant.

Supreme Court, Monroe County, May 23, 1939.

*Keenan & Keenan* [*John E. Keenan* of counsel], for the plaintiff.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave* [*Casper V. Baltensperger* of counsel], for the defendant.

LAPHAM, J. This is a motion by the plaintiff for a preference under subdivision 20 of section 138 of the Civil Practice Act in an action brought by the plaintiff to recover damages for personal injuries received when he was struck by an automobile of the defendant on February 26, 1939.

The affidavits submitted on this motion show that the plaintiff is an elderly gentleman of more than eighty years, that he has received old age assistance from the County of Monroe to the extent of approximately $1,200, that he is a public charge, and that he has been confined in the hospital continuously since the date of the accident where he has incurred medical expenses. The destitution of the plaintiff is not controverted by the defendant. All these facts concur in establishing the right of the plaintiff to a preference. (*Gatty* v. *Gramatan Cafeteria, Inc.,* 246 App. Div. 537; *Howard* v. *Staten Island Coach Co.,* 247 id. 903; *Hannes* v. *Radio Transportation Co., Inc.,* 249 id. 844.)

I cannot give my assent to the argument of defendant that a distinction should be made between destitution in metropolitan areas and poverty in rural areas. Destitution is no respecter of geographical or regional boundary lines.

The motion for a preference is granted over other causes noticed for the Trial Term of the Supreme Court of the County of Monroe

opening on June 5, 1939, subject in priority, however, to any preferences that may be granted under subdivisions 1 to 19 inclusive of section 138 and under the provisions of section 139 of the Civil Practice Act. No costs.

Let order enter accordingly.